By the Court, Bronson, J.
If there is any such artificial person or legal being as “ The Bank of Dansville,” there can be no doubt that it is a corporation; and it is such for any and all purposes, whatever consequences may follow. But it is not now necessary to consider the consequences; for I think our summary jurisdiction in relation to elections does not extend to this class of corporations. The only moneyed corporations in existence at the time our powers were conferred, were such as had an organization which was prescribed by law. It was provided by their charters, or by some other statute, that their affairs should be managed by a board of directors or trustees, who should be elected at stated periods, and in a specified manner. When once in the office, they could not be removed by the stockholders until the next annual.election; and hence the necessity for a summary power of removal where they had come in by an irregular election. But the general banking law does not in terms provide for any other officers than a president and cashier. If others are appointed, the nature and extent of their powers and duties, and the time and manner of making the appointment, are all left to conventional arrangement amotig the associates. And beyond this, the officer may be removed at pleasure. (Stat. of 1838, p. 249, § 18.) If the election or appointment is not made in pursuance of the agreement between the associates, those who are injured may perhaps have an action ; or the courts may decide upon the title of the officer when the question comes up incidentally in some collateral suit or proceeding. But I cannot suppose that the legislature intended we should have a summary jurisdiction for the enforcement of *372 contracts; or that such a power would be given in any case where there could be no necessity for its exercise. If one of the old banks appoints a clerk, attorney, or other agent not specially provided for by the charter, we have no power to remove him; nor is there any reason why such a jurisdiction should exist, for the bank can make the removal at pleasure. And so it is with the directors or trustees which the stockholders of one V of the new banks may agree to elect or appoint. The bank is not required by law to have any such officers; and whether the appointment is made in pursuance of the articles of association or not, the incumbents may be removed at the pleasure of the associates. As we have no power to set aside the election, I shall not examine the merits of the controversy.
Motion denied.